IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00555 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR JUDGMENT OF |
| vs. | ) | ACQUITTAL |
| | ) | |
| DENNIS MORKS LAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

I.   INTRODUCTION.

On November 30, 2007, a jury found Defendant Dennis Morks Lam guilty of Counts 1 through 4 in the July 19, 2007, Superseding Indictment, charging Lam with knowingly and intentionally possessing with intent to distribute and distributing methamphetamine in violation of 21 U.S.C. § 841.

On December 12, 2007, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, Lam moved for judgment of acquittal, arguing that there was insufficient evidence from which the jury could have determined that he was predisposed to commit the drug-related crimes.  Lam argues that the court should determine as a matter of law that he was entrapped.  Having considered the written briefs addressing this argument, the court denies the Rule 29 motion without a hearing, finding Lam's conviction supported by the evidence.

II.     RULE 29 STANDARD.

Rule 29(a) of the Federal Rules of Criminal Procedure requires this court to grant a motion for judgment of acquittal when "the evidence is insufficient to sustain a conviction." Rule 29(c) of the Federal Rules of Criminal Procedure allows Lam to move for a judgment of acquittal within 7 days after the guilty verdict or when the jury is discharged, whichever is later.  Pursuant to Rule 45(a)(2) of the Federal Rules of Criminal Procedure, Lam's Rule 29 motion is timely.

In ruling on Lam's motion for judgment of acquittal under Rule 29, this court views the evidence in the light most favorable to the Government, deciding whether a rational jury could find the defendant guilty beyond a reasonable doubt. United States v. Johnson, 297 F.3d 845, 868 (9th Cir. 2002) (a Rule 29 motion will be granted "only if viewing the evidence in the light most favorable to the government, and granting to the government all reasonable inferences that may be drawn from the evidence, no rational trier of fact could find beyond a reasonable doubt that the defendant committed the crime"); United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986) ("A conviction is supported by the evidence if, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a

reasonable doubt."); <u>United States v. Hazeem</u>, 679 F.2d 770, 772 (9th Cir. 1982) (in deciding a Rule 29 motion, the "trial court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt").

III.    <u>ANALYSIS.</u>

The jury was instructed that the Government had the burden of proving beyond a reasonable doubt that Lam knowingly possessed methamphetamine, that Lam possessed it with the intent to deliver it to another person, and that Lam was not entrapped. For purposes of this Rule 29 motion, there is no dispute that Lam knowingly possessed methamphetamine and that Lam possessed it with the intent to deliver it to another person.  However, Lam argues in that he should have been acquitted because there was insufficient evidence from which a rational jury could have found that he was not entrapped.

The jury was instructed:

> To prove that the defendant was not entrapped, it is the government's burden to prove beyond a reasonable doubt either: 1) that the defendant was predisposed, before being contacted by a government agent, to commit the crimes alleged in the indictment; or 2) that no government agent induced the defendant to engage in the crimes alleged in the indictment.
>
> Offering to buy drugs from a person already predisposed to sell is not entrapment.

3

Jury Instructions (Nov. 30, 2007). There is no dispute that Jon Decano, while acting as a Government agent, induced Lam to engage in the drug-related crimes alleged in the Superseding Indictment. Accordingly, whether Lam was entrapped turns on whether he was predisposed, before being contacted by Decano, to commit those drug-related crimes.

With respect to predisposition, the jury was instructed:

> The government will have established that the defendant was not entrapped if it proves beyond a reasonable doubt that the defendant was predisposed to commit the alleged crimes prior to being contacted by any government agent. To determine whether the defendant had such a predisposition you may consider the following things:
>
> > 1) the defendant's character and reputation;
> >
> > 2) whether the government initially suggested criminal activity;
> >
> > 3) whether the defendant engaged in activity for profit;
> >
> > 4) whether the defendant showed any reluctance;
> >
> > 5) the nature of the government's inducement; and
> >
> > 6) any other factors related to predisposition.
>
> Your determination on whether the defendant was or was not predisposed to commit the alleged crimes may rest on any, some, or all of these factors. However, the most important factor is the

>           defendant's reluctance or lack of reluctance to
>           engage in the criminal activity.

Jury Instructions (Nov. 30, 2007).

As this court previously stated in connection with the court's ruling on the Government's motion to reopen its case-in-chief, the Government did present evidence that Lam was, in fact, predisposed to commit the drug-related crimes alleged in the Superseding Indictment. The court is unconvinced by Lam's argument that, rather than showing predisposition, the record shows only Lam's reluctance to commit the crimes alleged in the Superseding Indictment.

The recording of a telephone call between Lam and Decano on August 6, 2006, certainly shows some reluctance by Lam to participate in the drug transactions. Although the Ninth Circuit has characterized a defendant's reluctance to engage in criminal activity as the most important factor in determining predisposition, see United States v. Martinez, 122 F.3d 1161, 1163 (9th Cir. 1997), the jury was entitled to interpret the evidence as indicating that, notwithstanding his expressions of reluctance, Lam was, in fact, willing and predisposed to commit the drug crimes.

For instance, Lam was asked by Decano if he could still do "it," which the jury could have interpreted as a question asking Lam whether Lam was willing to provide drugs. Lam told Decano that he probably could not. Shortly thereafter, however,

5

Lam told Decano that, if there was $10,000 involved, he would talk to some people.  Thereafter, Lam told Decano that he did not do any more what he used to do for himself.  See Ex. 3.  Lam posits that the jury should have interpreted that as indicating that Lam had been a drug user five or six years earlier. However, the jury was certainly entitled to interpret that recorded conversation as referring to drug dealing, not just drug usage.  In fact, the jury was instructed:

> While you should consider only the evidence
> in the case, you are permitted to draw such
> reasonable inferences from the testimony and
> exhibits as you feel are justified in the
> light of common experience.  In other words,
> you may make deductions and reach conclusions
> that reason and common sense lead you to draw
> from the facts that have been established by
> the testimony and evidence in the case.

Jury Instructions (Nov. 30, 2007).  The jury could have therefore interpreted the August 6, 2006, recording as indicating that Lam, although somewhat reluctant to become a drug dealer again, was certainly willing to do so again if there was enough money in a deal.  On the present Rule 29 motion, the evidence must be interpreted in the light most favorable to the Government.

The jury could have similarly interpreted an October 4, 2006, telephone call between Lam and Decano.  In that call, Lam talked about a friend from five or six years earlier who used to be in the "same game" as Lam, but who "stepped it up" because that was where the money was.  See Ex. 6.  The jury could have

interpreted that statement as referring to a friend who began selling larger quantities of drugs.  The jury could have also inferred that Lam had been a drug dealer because Lam had been in the "same game" as the friend.

Decano also testified at trial that, in an unrecorded conversation, Lam made no promises about being able to procure drugs for Decano, but that Lam would contact people he knew "back in the day."  See Testimony of Jon Decano.  The jury could have rationally inferred that, at some period before that conversation, Lam had been a dealer and that Lam knew how to procure drugs for further distribution for a profit.  The jury was also entitled to infer from this testimony that, although Lam orally expressed some reluctance to commit drug crimes, he was also willing to commit those crimes by contacting drug dealers he had been involved with earlier.

Based on the above evidence, a rational jury could have found beyond a reasonable doubt that Lam was predisposed to commit the drug crimes alleged in the indictment before he was contacted by Decano.  It is true that Lam's predisposition to commit the drug crimes before being contacted by Decano must be inferred, but the jury was entitled to make such a reasonable inference based on the recorded conversations it heard and Decano's testimony indicating that Lam had been a drug dealer and that he was willing to deal drugs again if enough money was

involved.  See United States v. Sandoval-Mendoza, 472 F.3d 645, 649 (9th Cir. 2006) ("Offering to buy drugs from a drug dealer is not entrapment, even if the government 'sets the dealer up' by providing an informant pretending to be a customer, because the dealer is already predisposed to sell.").  The jury could have rationally determined that Lam was either not really reluctant to commit the drug crimes, or willingly overcame his initial reluctance in the hope of profiting financially.

The court is unpersuaded by Lam's citation of Jacobson v. United States, 503 U.S. 540 (1992), for the proposition that Lam was not predisposed to commit the drug crimes.  In fact, Jacobson actually supports the jury's predisposition determination.  In Jacobson, the Government first contacted the defendant in January 1985.  Id. at 543.  After 26 months of receiving repeated mailings, the defendant ordered child pornography.  Id. at 550.  Jacobson held that the Government had failed as a matter of law to prove predisposition to commit the crime back in January 1985, when the Government had first contacted the defendant.  Id.  In so holding, the Supreme Court noted that the entrapment defense is "of little use" to a defendant who is offered the opportunity to purchase drugs from a Government Agent and who actually purchases the drugs.  Id.  In that case, the Supreme Court noted that the defendant's predisposition to commit the drug crime is demonstrated by "the

ready commission of the criminal act." Id.  Here, although Lam expressed some hesitation, he demonstrated a readiness to commit the drug crimes shortly after talking to Decano, especially if a lot of money was going to be involved.  Even if two weeks elapsed between Decano's initial contact and a taped conversation concerning the drug dealing, the jury could have determined that Lam was predisposed to commit the crimes at the time of the initial contact.  While Lam indicated reluctance to be involved, he also evidently looked into the matter within a short time, indicating a willingness to commit the crimes.

The court is similarly unpersuaded by Lam's citation of Sherman v. United States, 356 U.S. 369 (1958).  Lam says that Sherman stands for the proposition that predisposition to sell narcotics cannot be demonstrated as a matter of law merely because a defendant was convicted of selling narcotics nine years earlier and was convicted of possessing narcotics five years earlier.  Lam says that the evidence in this case shows only that he was purchasing drugs for his own use five or six years ago and that, because he had a steady construction job, Sherman teaches that he could not have been predisposed to commit the drug crimes alleged in the Superseding Indictment.  The problem with this argument is that, as discussed above, the evidence does not necessarily support it.  The evidence presented at trial did not establish that Lam had purchased drugs only for his own use five

9

or six years earlier. Instead, the jury was entitled to interpret the evidence as supporting an inference that Lam had previously been a drug dealer, rather than just a drug user.

Interpreting the evidence in the light most favorable to the Government, the court concludes that the jury could have rationally determined that Lam was predisposed to commit the drug crimes alleged in the Superseding Indictment before he was first contacted by Decano. Accordingly, Lam's Rule 29 motion is denied.

IV.     CONCLUSION.

Because the evidence of predisposition is sufficient to support Lam's conviction, his Rule 29 motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 17, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Lam, Crim. No. 06-00555 SOM; ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL.